**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| MARKQWON ALLEN, | Case No. 2:20-cv-01576-JAD-DJA |
|---|---|
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| AUSTIN BONE, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff Markqwon Allen's Third Motion/Application to Proceed *in forma pauperis* (ECF No. 6), filed on November 16, 2020. The Court will recommend its denial as it is incomplete.

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an incarcerated plaintiff seeking to proceed without paying the filing fee must complete an application to proceed IFP and attach (1) an inmate account statement for the past six months, and (2) a financial certificate from the institution where he is incarcerated certifying the amount of funds in plaintiff's inmate trust account at the institution. If the plaintiff has been incarcerated at the institution for fewer than six months, the certificate must show the account's activity for the shortened period. LSR 1-2.

Here, Plaintiff's IFP application is incomplete because he <u>again</u> did not submit an inmate account statement for the past six months and he also fails to attach a proposed complaint for the Court to screen. The Court already provided Plaintiff with three opportunities to properly complete his IFP application or pay the full filing fee for this action. Further, he was provided with notice in the Court's last order that his third opportunity would be his last to submit a properly completed IFP application. Nevertheless, Plaintiff failed to provide all of the requisite documents to determine if he should be permitted to proceed IFP and the Court will recommend that his third application be denied.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiff's Third Motion/Application to Proceed *In Forma Pauperis* (ECF No. 6) be **denied** and he be required to pay the full filing fee to proceed with this action or it shall be dismissed.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: December 16, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE